UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DETERTORING SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 C 1621 |
| | ) | |
| v. | ) | Honorable Amy J. St. Eve |
| | ) | |
| ROGER E. WALKER, Jr., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff, Detertoring Sanders, currently a pretrial detainee at Cook County Jail, filed suit, *pro se*, against Defendants – Roger E. Walker, the Director of the Illinois Department of Corrections at the time of the allegations; the Illinois Prisoner Review Board (IPRB); Jesse Montgomery, the Chief of Parole; and Ms. Cordina, Chairman of the IPRB – alleging a violation of his right to due process based on the failure to provide him a timely parole revocation hearing. On December 11, 2009, the Court dismissed Defendants Montgomery and Cordina pursuant to Fed. R. Civ. P. 4(m). Presently before the Court is the remaining Defendants' motion for summary judgment. For the reasons stated in this order, Defendants' motion for summary judgment is granted.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-

323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party, however, cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). *See also* L.R. 56.1. This notice sets forth the requirements of Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including

>references to the affidavits, parts of the record, and other supporting
>materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). The court may disregard statements and responses that do not comply with Local Rule 56.1. *See Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

Plaintiff filed two responses (labeled as replies) in response to Defendants' motion. Neither filing includes a response to Defendants' proposed undisputed facts. Accordingly, Defendants' proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

## FACTS

On September 12, 2008, Plaintiff was released from the Illinois Department of

Corrections ("IDOC") into mandatory supervised release ("MSR"). (Defs.' 56.1(a)(3) Statement ¶ 5.) On October 5, 2008, while still on MSR, Plaintiff was arrested for unlawful use of a weapon. (*Id.*, ¶ 6.) On October 8, 2008, Plaintiff was served with a parole revocation report. (*Id.* at ¶ 7.) The parole revocation report indicated that Plaintiff's preliminary parole revocation hearing was scheduled for October 15, 2008. (*Id.* at ¶ 9.) The timing of Plaintiff's preliminary parole revocation was consistent with the consent decree in *King v. Walker*, No. 06 C 0204, which requires that a such a hearing be held within ten days of re-imprisonment. (*Id.*, ¶ 8.)

Plaintiff's preliminary parole revocation hearing was held on October 15, 2008. (Defs.' 56.1(a)(3) Statement ¶ 10.) Plaintiff was allowed to testify at the hearing, and the hearing officers found that there was probable cause that Plaintiff had violated the terms of his MSR. (*Id.*, ¶ 11.) Following the finding of probable cause, Plaintiff was taken into IDOC custody. (*Id.*, ¶ 12.)

On March 3, 2009, Plaintiff filed a grievance with the IDOC, complaining that he had not yet ben seen by the IPRB for his final parole revocation hearing. (Defs.' 56.1(a)(3) Statement ¶ 13.) On March 17, 2009, Plaintiff waived his presence at the final revocation hearing in writing. (*Id.*, ¶ 14.)

## ANALYSIS

Defendants are entitled to absolute immunity when engaged in quasi-judicial decisions, such as scheduling parole revocation hearings. The doctrine of judicial immunity confers complete immunity from suit. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). This absolute immunity is not limited to government officials with the title of judge; but extends to officials performing "functionally comparable" acts in other contexts. *Butz v. Economou*, 438

U.S. 478, 512 (1978).

Absolute immunity has been found to exist for prisoner review board members for their activities that are "inexorably connected with the execution of parole revocation procedures and are analogous to judicial action." *Walrath v. United States*, 35 F.3d 277, 282 (7th Cir. 1994), quoting *Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir. 1984). Parole board members have been found to have absolute immunity from suit for their decisions to deny, grant, or revoke parole. *See Walrath*, 35 F.3d at 281. Furthermore, absolute immunity exists not only as to "the actual decision to revoke parole, but also to those activities that are part and parcel of the decision process." *Thompson v. Duke*, 882 F.2d 1180, 1184 (7th Cir. 1989), quoting *Trotter*, 748 F.2d at 1182. These "activities" include the scheduling and holding of a parole violation hearing. *See Thompson*, 882 F.2d at 1184 (state defendants have absolute immunity from a Section 1983 suit alleging a violation of due process based on their failure to schedule and conduct a parole violation hearing). Furthermore, state officials who are not prisoner review board members but perform analogous acts are entitled to the same absolute immunity. *See Walrath*, 35 F.3d at 282 (parole official entitled to absolute immunity for signing arrest warrant); *Thompson*, 882 F.2d at 1183 n. 3 (finding no distinction between IDOC and IPRB defendants for purposes of absolute immunity based on their similar role in not scheduling and holding a revocation hearing).

Here, Plaintiff alleges that both Defendants violated his due process rights by not timely scheduling a parole revocation hearing. The scheduling and holding of a revocation hearing are analogous to judicial action and both of the Defendants have absolute immunity from suit based on these allegations. *See Thompson*, 882 F.3d at 1184.

5

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment.


DATED:  May 17, 2010                              ENTERED

                                                  _____
                                                  AMY J. STUEVE
                                                  United States District Court Judge